**Original filed 5/1/07**

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKEY LOUIS ALFORD, a.k.a. MORRIS DAY, ) ) ) | No. C 06-3729 JF (PR) |
| Petitioner, ) ) | ORDER OF DISMISSAL |
| vs. ) ) ) | |
| EVANS, Warden, et al., ) ) | |
| Respondents. ) ) | |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On November 16, 2006, Petitioner filed an amended complaint pursuant to 42 U.S.C. § 1983 against the Warden at Salinas Valley State Prison and the Director of the California Department of Corrections and Rehabilitation. On March 16, 2007, the Court dismissed the amended complaint with leave to amend because it was unclear whether Petitioner intends to challenge the legality of his conviction or sentence pursuant to § 2254 or file a civil rights complaint pursuant to 42 U.S.C. § 1983. Petitioner filed a second amended petition on April 23, 2007. In the second amended petition, Petitioner raises claims of racial discrimination under the Fourteenth Amendment based upon the equal protection of law and due process. See

1 Amended Petition at 1.

2  The Supreme Court has declined to address whether a challenge to a condition of
3 confinement may be brought under habeas.  See Bell v. Wolfish, 441 U.S. 520, 526 n.6
4 (1979); Fierro v. Gomez, 77 F.3d 301, 304 n.2 (9th Cir.), vacated on other grounds, 519
5 U.S. 918 (1996).  However, the Ninth Circuit has held that "habeas jurisdiction is absent,
6 and a § 1983 action proper, where a successful challenge to a prison condition will not
7 necessarily shorten the prisoner's sentence."  Ramirez v. Galaza, 334 F.3d 850, 859 (9th
8 Cir. 2003) (implying that claim, which if successful would "necessarily" or "likely"
9 accelerate the prisoner's release on parole, must be brought in a habeas petition).  The
10 preferred practice in the Ninth Circuit has been that challenges to conditions of
11 confinement should be brought in a civil rights complaint.  See Badea v. Cox, 931 F.2d
12 573, 574 (9th Cir. 1991) (civil rights action is proper method of challenging conditions of
13 confinement); Crawford v. Bell, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming
14 dismissal of habeas petition on basis that challenges to terms and conditions of
15 confinement must be brought in civil rights complaint).

16  Accordingly, the Court dismisses the instant habeas action because Petitioner's
17 claims do not challenge the legality of his conviction or sentence.  Instead, Petitioner
18 alleges claims of racial discrimination in violation of due process and equal protection
19 under the Fourteenth Amendment.  Petitioner's claims are more appropriately addressed
20 in a civil rights complaint pursuant to 42 U.S.C. §1983.

## CONCLUSION

22 The instant habeas action is DISMISSED without prejudice.  Petitioner may re-file
23 his claims in a new action under a civil rights complaint pursuant to 42 U.S.C. §1983 on
24 the enclosed form.  The Clerk shall close the file.

25  IT IS SO ORDERED.
26 DATED: __4/30/07_____

JEREMY FOGEL
United States District Judge

A copy of this ruling was mailed to the following:

Rickey Louis Alford
J-39242
CSP - Salinas Valley IV
P.O. Box 1060
Soledad, CA  93960